Carr, J.
The only point of importance in this cause arises upon exceptions taken to the opinion of the court declaring that the answers of the plaintiff to the interrogatories of the defendant, so far as they were responsive, were conclusive evidence, not to be contradicted or disproved by any evidence parol or written. This proceeding is under the 68th section of the late judiciary act, by which a plaintiff or defendant, in any action at law, wishing a discovery from the adverse party, to be used as evidence at the trial, is authorized to file written interrogatories to such party, and call upon him to answer the same in solemn form, on his oath or affirmation; and the law further declares, that the answers to such interrogatories shall be evidence at the trial of the cause, in the same manner, and to the same purpose and extent, and upon the same conditions in all respects, as if they had been procured upon a bill in chancery for discovery, but no further or otherwise. This question is of the first impression, and of great importance; and therefore, as the necessary books were not to be had at Lewisburg, the court took time to consider and investigate the subject. The object of the legislature seems clear. They meant to give to either party in a suit at law, the benefit of a discovery from the other, without the expense and delay of *492 a regular suit in chancery. To ascertain the amount of this benefit, we must look to the nature of the bill of discovery, and the weight which is given to the disclosures made by the defendant to such bill. Mitford, p. 52. says, “Every bill is in reality a bill of discovery; but the species of bill usually distinguished by that title, is a bill for discovery of facts resting in the knowledge of the defendant, or of deeds or writings or other things in his custody or power, and seeking no relief in consequence of the discovery. The bill is commonly used in aid of the jurisdiction of some other court; as to enable the plaintiff to prosecute or defend an action at law, a proceeding before the king in council, or any other legal proceeding of a nature merely civil, before a jurisdiction which cannot compel a discovery on oath.” In Montague v. Dudman, 2 Ves. sen. 398. lord Hardwiclce says, “A bill of discovery lies here, in aid of some proceedings in this court, in order to deliver the party from the necessity of procuring evidence, or to aid the proceeding in some suit relating to a civil right in a court of common law, as an action; but not to aid the prosecution of an indictment or information, or to aid the defence of it.” There is no doubt with me that the bill referred to by our act is this pure bill of discovery, with no prayer for relief. Such a bill need not be on oath. Mitford 53, 2 P. Wms. 541, 3 Atk. 132. The plaintiff in such bill must shew that the discovery he seeks is material to enable him to support or defend a suit, or he shews no title to the discovery, and a demurrer will hold. Mitford 155. The whole prayer of his bill being a discovery, when that is made, the suit in equity is at an end. The matter thus disclosed is to be used in evidence in another cause. The excellent written argument of the counsel for the appellee takes ■it as a fundamental position, that the bill of discovery must shew that the plaintiff depends wholly upon the evidence sought to be extracted; and hence argues *493 strongly that such evidence cannot he contradicted, as proof of that sort would take away the foundation of the bill. It is true, the plaintiff must shew the discovery material: but I do not find in the form of the bill (see 2 Newland’s Chancery 46.) that the plaintiff must state the discovery to be his sole chance of establishing the fact; and besides, these bills are not on oath. Nor is the matter ever discussed in equity, after the disclosure is made; the matter disclosed is then transferred as evidence to the law court, and there it is weighed according to legal rules. Oúr statute, to be sure, requires that there shall be an oath ; at least, that it shall appear to the court, by the oath of the party filing the interrogatories, or otherwise, that answers to them will be material evidence in the cause, and that the interrogatories themselves are pertinent, and such as the adverse party would be bound to answer upon a bill of discovery: but I do not understand from this, that it must appear that the party has no other chance of shewing the facts, but the answer. He may have a chain of evidence, independent of the discovery; but he may think some of the links defective, and that the discovery may be material and. necessary to make these perfect. It is laid down by Mitford (page 256. quoting 1 Ves. sen. 205.) that “in general, if it can be supposed that the discovery may in any way be material to the plaintiff in the support or defence of any suit, the defendant will be compelled, to make it.” The cases cited by the counsel in support of his position are not those of pure discovery, but such as, praying relief also, sought to translate the case from another jurisdiction; or such as sought an injunction to slay proceedings at law.. Having thus considered the nature of a bill of discovery, let us see what is the weight given to the answer. In Bermon v. Woodbridge, Doug. 788. lord Mansfield says, “ Though the whole of an affidavit or answer must be read, if any part is, yet you need not believe all equally. *494 You may believe what makes against his point who swears, without believing what makes for it.” In Roe e. d. Pellatt v. Ferrars, 2 Bos. & Pul. 547, Chambers, J. says, “ Where one party reads a part of the answer of the other party in evidence, he makes the whole admissible only so far as to waive any objection to the competency of the testimony of the party making the answer, and he does not thereby admit as evidence all the facts which may happen to have been stated, by way of hearsay only, in the course of an answer filed to a bill of discovery.” In Lawrence v. The Ocean Insurance Co. 11 Johns. Rep. 289. the court say, “ It is an invariable rule, that where an answer is given in evidence in a court of law, the party is entitled to have the whole of his answer read. It is to be received as grima facie evidence of the facts stated in it; open to be rebutted by the opposite party.” Espinasse’s N. P. and Peake’s Evid. 35. 37. are cited. In Buller’s N. P. 237. 238. it is laid down, that although an answer is good evidence against a defendant, yet it is not against his alienee ; nor is it any evidence for the defendant in a court of law (except so ordered, on an issue out of chancery) unless the plaintiff make it evidence by producing it first.” See also 2 Bac. Abr. 622. In Blount v. Burrow, 4 Bro. C. C. 74. lord Hardwicke said, “ That the rule of this court, and the court of law, as to reading an answer or examination against a party, is different. That this court is too confined in its rule, and the court of law is too large. That one part of an answer may be read in this court against a party, without reading the answer throughout; but at law it is otherwise: and if the judge of the law court considers that though the whole of the answer is read there, yet every part of the answer or examination is not of equal credit, he thought the rule of law to be preferred.” In Lady Ormond v. Hutcheson, 13 Ves. 53. lord Erskine declares that “ where the bill is for discovery only, and the answer is read for *495 that purpose, you read the whole. But when relief is prayed, and the plaintiff replies to the answer, putting the whole in issue, he cannot, reading the answer as to the contract and the consideration, stop at the end of a sentence, but must proceed to the completion of the immediate subject to which the defendant is answering; but that does not apply to distinct matter.” In Butterworth v. Bailey, 15 Ves. 361. lord Eldon says, “ The answer to a mere bill of discovery cannot be read here for any purpose; if read at law, it is read as evidence, and the whole answer must be laid before the jury.” In Savage v. Brocksopp, 18 Ves. 335. lord Eldon remarks, “ At law, it is true, if an answer is proposed to be read as evidence, the whole answer must be read ; though there were declarations of judges, first (I think) of lord Mansfield, that there is no reason for reading the whole.” Chancellor Kent also, in Hart v. Ten Eyck, 2 Johns. Ch. Rep. 91. treats this subject with his usual ability, citing many authorities, and drawing the same conclusions with those cited above. But the book from which I have derived most satisfaction on the point is Evans’s edition of Pothier, vol. 2. pp. 186-8. In a dissertation of great learning and ability, on the law of evidence, Evans remarks, “ With respect to a party whose answer is adduced having a right to insist on the whole being taken together, provided it is relied on at all, a distinction must be taken (which, though not declared in the authorities upon the subject, is to be collected from them, and is founded upon accurate principles) between its being part of the proceedings in the very suit depending, and being merely matter of evidence in a different cause.” He then states the case from Gilbert’s Law of Evid. 52. decided by lord Cowper, of a bill brought by creditors for an account against an executor, who-sets forth by answer, that there was ,£1100. left by the testator in his hands, and that coming afterwards to make up his accounts with the testator, he gave bond *496 for £ 1000. and the other ¿£100. was given him as a gift; and as there was no other evidence that the ¿61100. was deposited but the executor’s own oath, it was contended that he ought to find credit when he swears in his own discharge. But it was answered afid resolved, that when an answer was put in issue, what was confessed and admitted need not be proved; but it behoved the defendant to make out by proof what was insisted on by way of avoidance.” Upon this case Evans remarks, “ Now it must be remembered that the above decision is principally referable to the course of proceedings in a court of equity. A bill is filed, an answer is put in, the plaintiff either sets down the cause for hearing upon bill and answer, which is an admission of the truth of the whole, and merely brings the sufficiency of it into contest; or he replies to the answer, putting the whole in issue generally, whereupon the defendant must substantiate by proof ail the facts upon which he means to insist, while the plaintiff may rely upon every fact admitted, which he conceives to ‘be material, without being bound to the admission of any others. Upon this proceeding no questions of credit, no inferences of fact, can regularly occur; there are certain general rules respecting what shall be taken as true in the admissions and testimony, and if a real disputable question occurs respecting a matter of fact, it is referred to the examination of another tribunal. But when an answer is adduced as evidence in a court of law, no part of it is immediately in issue, neither does it form any direct proceeding in the cause. It is only one among other media for the investigation of truth. And if one side introduces it at all, the other may insist on the whole being read, in order that a judgment may be formed upon its entire credit and effect. But though the whole must be read, it does not necessarily follow that it must be wholly admitted as true, or wholly rejected as false; the credit and effect of any part of it is to be considered *497 by the jury (the constitutional judges upon matters of fact) according to the general impression of their minds, derived from the general consistency of the answer in itself, or the light which may be thrown upon it by other evidence.”
These remarks disclose the whole rationale of the subject so much more clearly than any thing I could say, that I trust I shall be excused for quoting them so much at length. The authorities I have adduced clearly satisfy my mind, that an answer to a bill of discovery is no evidence for the defendant (in a court of law) unless the plaintiff make it so, by producing it first: and that then the whole must be read, free to be disproved by other evidence, and to be considered by the jury as its own weight shall impress them, or as other proofs may affect it. And the same, I think, must be the rule as to answers to interrogatories under our statute; for though that enacts that such answers “shall be evidence at the trial of the cause,” it adds, “in the same manner, and to the same purpose and extent, and upon the same conditions in all respects, as if they had been procured upon a bill in chancery for discovery, but no further or otherwise” — -words as remarkable for their solicitous and impressive clearness, as I have ever seen. I think, therefore, that the judgment should be reversed, and the cause sent back.
After this opinion had been delivered, but before the term was ended, Cabell, J. suggested the propriety of having the question argued at a succeeding term before a full court. It was accordingly so directed, and at this term was argued by Fisher for the plaintiff, and JB. II. Smith for the defendant in error.
Cabell, J.
At the last term, the court, consisting of three judges, of whom I was one, pronounced an opinion in this case, reversing the judgment of the cir *498 'cuit court; but before the term was over, the order was set aside, and the cause diz'ected to be reargued before a full court. This course was taken at my suggestión, because of some doubts which arose in my mind as to the pz’opriety of the decision, after it had been pronounced.
I have reviewed the whole' subject, and I am now perfectly satisfied that my former doubts were unfounded, and that the judgment of the circuit court is erroneous. I entirely concur in the views taken by judge Carr and the pz’esident, to which I have nothing to add.
I do not regret the delay which has been occasioned, for I think it was justified by the circumstances, and that it will be productive of public advantage. A single decision, by a bare court, on a subject so new and important, would not be regarded as settling the law, and consequently would not be universally acquiesced in. But the unanimous opinion of the whole court, pronounced after so much deliberation, will be regarded as conclusively authoritative, and will put an end to all future controversy.
Tucker, P.
This case has been reargued, upon the suggestion of one of the judges, who was not altogether satisfied with the former judgment of the court, and moreover vezy judiciously proposed that this important principle of practice should not be decided without the aid of all the members of the court. The cause has accordingly been again very fully argued, and it only remains to give the result of our deliberations.
The judgment of this court, when formerly rendered, was delivered by my brother Carr, in whose clear and strong view of the question I altogether concurred. I have again attentively considered the opinion he at that time delivered, and have found no reason to depart from my acquiescence in it. I am well aware that it is *499 unnecessary to add any thing to it, and very certain l 1 • T 11- ’ 1 IT that nothing 1 can say can add to its weight. Yet as the case has been so earnestly pressed upon the court, I shall be pardoned, I hope, for a few remarks upon the subject.
If we confine ourselves to the language of the statute, there can be no doubt that the simple bill of discovery is that which is intended by the 68th section. “Any party wishing a discovery may file interrogatories &c. and thereupon the court shall order the adverse party to answer the same, and the answers shall be evidence •at the trial of the cause, in the same manner, and to the same purpose and extent, and upon the same conditions in all respects, as if they had been procured upon a bill in chancery for discovery, but no further or otherwise.” Ask any lawyer, nay any tiro in the law, what is a bill in chancery for discovery, and he will tell you it is the pure bill of discovery. He will never confound it with the bill for discovery and relief. Each of these' proceedings has its appropriate appellation, and no one was better acquainted with them than the distinguished gentleman by whom this bill was draughted. In Mitford,s analysis of bis own excellent work, he divides original bills into bills praying relief and bills not praying relief, and among these last ho places a bill of discovery ; and he carries out into the work this same division of bills. Mitford 34. The bill of discovery is not distinguished as “ the pure bill of discovery, or the mere or simple bill of discovery,” but it is designated by the simple appellation of “ the bill of discovery.” And in page 53. we are told by this standard authority, that “ every bill is in reality a bill of discovery, but the species of bill usually distinguished by that title is a bill for discovery of facts resting in the knowledge of the defendant, or of deeds &c. in his power, and seeldng no relief in consequence of the discovery.” So 1 Mad-dock’s Chancery 195. title Bill of Discovery. “Every *500 bill requiring an answer is more or less a bill of discovery; but the bill here meant, and to which that title is peculiarly given, is a bill employed merely for discovery, in aid of another jurisdiction.” Moreover, where relief as well as discovery is prayed, the bill is always designated as a bill for discovery and relief.
If the language of the statute is plain, the object and intention of it is not less so. If we understand the hill of discovery, there mentioned, to be the mere bill of discovery, every thing is intelligible and harmonious. Before the statute, the bill might be filed to. enable the plaintiff to prosecute or defend an action before a court of common law. But this encumbered the party seeking the discovery, with the costs of a chancery suit, and moreover threw those costs upon his shoulders, when in point of justice the costs of the whole litigation should fall on his adversary. The act of assembly remedies this evil by providing for the discovery upon interrogatories, and those answers are, if introduced by-the adverse party, to be evidence in like manner as the answers to a bill of discovery. But how is it if we understand the words “ bill in chancery for discovery” to mean “ a bill for discovery and reliefWhy should . the law have designed to refer to that bill, in which relief is prayed and given in chancery ? What fitness or adaptation could there be of such a bill to a trial at law, where the relief is to be given not by the court of chancery but by the court of law ? None, that I can perceive ; for as the court of law cannot give the equitable relief, it can hardly be supposed that the interrogatories and answers, which are to sustain the party’s claim to relief at law, were substituted for it. I have no doubt, therefore, that the act intends the mere bill of discovery, and my brother Carr has already sufficiently shewn how far the answer to it will weigh upon a trial • at law. • I cannot add any thing to the many conclusive authorities he has produced.
*501 But let us suppose for a moment that a bill for discovery and relief was intended by the statute; what would be the weight of the answer, if introduced as evidence on the trial at law 9 for that is the true question. The statute does not say it shall be evidence on the trial at law, to the same purpose and extent as it would be at the hearing in chancery. It only provides tb at the answer shall be evidence on the trial at law, to the same purpose and extent as it would have been (on the trial at law, as I understand it) if it had been procured, upon a bill in chancery. And how far it would be evidence on such trial, the cases cited by judge Carr abundantly shew. From those cases I take it, that it would not be competent for the defendant to introduce it in his own behalf, and if introduced by the plaintiff, it would only have the effect of a confession, which must be taken altogether, with the power in the parly introducing it, to disprove what is untrue.
I apprehend, indeed, that there is a vital error in the notion, that the answer to a bill for discovery and relief is conclusive of the facts which it discloses. There is no doubt that where the plaintiff goes into equity on the ground of discovery only, his bill is dismissed if the facts charged are denied, notwithstanding the plaintiff may introduce the strongest countervailing testimony. But this is not because the answer is conclusive as to the facts, but because it is conclusive as to the jurisdiction. The court does not look into the facts at all. The fact that the plaintiff cannot get the discovery he seeks, puts him out of court, and the more strongly he proves the falsity of the answer, the more strongly does he “ prove himself out of court.” Let there be any other ground of jurisdiction, and though the bill is a bill of discovery, the answer is only evidence where It is responsive, and even then it is so far from being conclusive, that it will be overthrown by the testimony of a single witness, sustained by strong circumstances, or aided by the defen *502 dant’s own inconsistencies and prevarication, Moreover, even where a bill is dismissed on the ground that the answer does not afford that discovery upon which the plaintiff rests the jurisdiction of his case, if, after he is dismissed from the forum of equity, he institutes a proceeding at law, the decree of dismission is no bar to his action. He may proceed (if he has evidence aliunde) to assert his demand. But this would not be the case if the dismission had been upon the merits, or if a court having jurisdiction had decided upon the weight of testimony before it.
Recurring, however, to what I have before said, I repeat that the act of assembly had the pure bill of discovery in view, in the clause in question; and though the argument for the conclusive effect of the answer is, as I have shewn, in nowise advanced by the supposition that the bill of discovery and relief was intended, yet I desire to be distinctly understood as resisting such a construction of the law. I am, upon the whole, of opinion, 1st. That neither party is entitled to introduce his own answers in evidence to the jury, though they have been drawn from him by interrogatories; for the defendant to a bill of discovery can never introduce his answer to that bill, as evidence on a trial at law. 2dly, That the plaintiff, after the answers to the interrogatories are filed, may waive introducing them to the jury. And 3dly, That if he does introduce them, they have the effect only of a confession; they must all go together to the jury, who must give them such weight as they think them entitled to, when placed in the scale of the countervailing testimony which the plaintiff is at liberty to give.
The other judges concurring, judgment of circuit court reversed with costs; and this court proceeding to give such judgment as the said circuit court ought to have rendered, it is considered that the judgment, of *503 the county court be reversed, tbe verdict set aside, and a new trial awarded of the issues joined, on which trial the interrogatories and the answers of the thereto are not to be admitted as evidence before the jury, unless offered by the defendant, and if introduced by him as evidence, then the whole is to go to the jury, to be considered by them as its own weight shall impress them, subject however to be in any part of it disproved by such evidence as the defendant may introduce.